NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     E-mail:    alex.wyman@usdoj.gov

ROBERT ZINK
Chief, Fraud Section
AMANDA R. VAUGHN (MD Bar, numbers not assigned)
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
     1400 New York Ave. NW
     Washington, D.C. 20530
     Telephone: (202) 616-4530
     Facsimile: (202) 514-0152
     E-mail:    amanda.vaughn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-MJ-02326 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF DATE BY WHICH AN INDICTMENT OR INFORMATION MUST BE FILED AND (2) FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO THE SPEEDY TRIAL ACT |
| v. | |
| WILLIAM SADLEIR, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and the Fraud Section of the United States Department of Justice, and defendant WILLIAM SADLEIR ("defendant"), by and through

1 his counsel of record, Deputy Federal Public Defender Adam Olin,
2 hereby stipulate as follows:
3     1.   On May 22, 2020, defendant was arrested for violations of
4 18 U.S.C. § 1344(2) (bank fraud), 18 U.S.C. § 1343 (wire fraud), 18
5 U.S.C. § 1014 (false statement to a financial institution), and 15
6 U.S.C. § 645(a) (false statement to the Small Business
7 Administration).
8     2.   On June 3, 2020, defendant waived preliminary hearing.
9 (Dkt. 23.) The Speedy Trial Act, 18 U.S.C. § 3161(b), originally
10 required that an information or indictment be filed on or before June
11 21, 2020.
12     3.   By this stipulation, the parties jointly move to continue
13 the date by which an information or indictment must be filed to July
14 21, 2020.
15     4.   The parties agree and stipulate, and request that the Court
16 find, that the ends of justice outweigh the interest of the public
17 and defendant in the filing of an information or indictment within
18 the original date prescribed by the Speedy Trial Act because:
19         a.   The arrest of defendant occurred at a time such that
20 it is unreasonable to expect return and filing of an indictment
21 within the period specified in Section 3161(b).
22         b.   The facts upon which the grand jury must base its
23 determination are complex and, thus, it would be unreasonable to
24 expect return and filing of an indictment within the period specified
25 in Section 3161(b). That is particularly true given the limited time
26 a grand jury would have to consider the facts because of the
27 restrictions on grand juries imposed by the COVID-19 pandemic:
28

2

i. On March 31, 2020, in response to the continuing spread of the COVID-19 pandemic, this Court suspended all grand-jury proceedings until at least May 4, 2020, "pending further order of the Court." C.D. Cal. Order of the Chief Judge No. 20-044, In Re: Coronavirus Public Emergency, Suspension of Grand Juries, at 3 (Mar. 31, 2020). By subsequent order, the Court continued this suspension through June 1, 2020. C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings, at 3 ¶ 7 (Apr. 13, 2020). On May 28, 2020, the Court ordered that in-person sessions of the grand jury may continue at the discretion of the Chief Judge. C.D. Cal. General Order No. 20-08, In Re: Coronavirus Public Emergency Order Concerning Phased Reopening of the Court, ¶ 8 (May 28, 2020).

ii. The last grand jury session in the Central District of California was on March 25, 2020. The government understands grand juries to be resuming their service in the near future on a very limited basis.

iii. This suspension followed a series of prior orders responding to the COVID-19 crisis. On March 13, 2020, following the President's declaration of a national emergency, the Court suspended jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). The same day, the Court imposed health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court instituted its

1  Continuity of Operations Plan, closing all Central District of
2  California courthouses to the public (except for hearings on criminal
3  duty matters) and taking other emergency actions.  C.D. Cal. Order of
4  the Chief Judge No. 20-042, In Re: Coronavirus Public Emergency,
5  Activation of Continuity of Operations Plan (Mar. 19, 2020).  On
6  March 29 and 31, recognizing COVID-19's continued spread in the
7  community, the Court took further action: implementing video-
8  teleconference and telephonic hearings and -- as noted above --
9  suspending all grand-jury proceedings until May 4, 2020.  C.D. Cal.
10 Order of the Chief Judge No. 20-043, In Re: Coronavirus Public
11 Emergency, Use of Video and Telephonic Conference Technology in
12 Certain Criminal Proceedings (Mar. 29, 2020); Order of the Chief
13 Judge No. 20-044.
14         iv.   These orders were imposed based on (1) the
15 California governor's declaration of a public-health emergency in
16 response to the spread of COVID-19, as well as (2) the Centers for
17 Disease Control's advice regarding reducing the possibility of
18 exposure to the virus and slowing the spread of the disease.  See
19 General Order 20-02, at 1.
20         v.    The Judicial Council of the Ninth Circuit has
21 declared an emergency in the Central District of California, pursuant
22 to 18 U.S.C. § 3174.  Order, In re Approval of the Judicial Emergency
23 Declared in the Central District of California (9th Cir. Judicial
24 Council Apr. 9, 2020), available at https://cdn.ca9.uscourts.gov/
25 datastore/opinions/2020/04/10/JC%20Order%20and%20Report%20re%20Judici
26 al%20Emergency%20in%20CA-C.pdf.  In the supporting report, the
27 Judicial Council recognized that "under the emergency declarations of
28 national, state, and local governments, as well as recommendations

from the Centers for Disease Control and Prevention to convene groups of no more than 10 people, the Court is unable to obtain an adequate spectrum of . . . grand jurors." Id. (Report at 1).

      vi.  As these orders and protocols reflect, the COVID-19 pandemic is a global emergency that is unprecedented in modern history.  The virus is spreading through the United States community at an alarming rate.  See Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control and Prevention (updated daily), available at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html; Coronavirus Disease 2019 (COVID-19), California Department of Public Health (updated daily), available at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx.  The death toll, across the world, is staggering.

    5.   Based on the foregoing, the parties request that the Court find that for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161(b), within which an information or indictment must be filed, the time period of June 21, 2020 to July 21, 2020 is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a filing of an information or indictment within the period specified in Section 3161(b).

    6.   The parties further request that the Court continue post-indictment arraignment from June 18, 2020 at 12:00 p.m. to July 23, 2020 at 12:00 p.m.

    7.   The parties agree and stipulate, and request that the Court find, that nothing in this stipulation and accompanying order shall preclude a finding that other provisions of the Speedy Trial Act

5

1  dictate that additional time periods are excludable from the period
2  within which an information or indictment must be filed.
3    Dated: June 10, 2020                Respectfully submitted,

                                            NICOLA T. HANNA
                                            United States Attorney

                                            BRANDON D. FOX
                                            Assistant United States Attorney
                                            Chief, Criminal Division

                                              /s/
                                            ALEXANDER C.K. WYMAN
                                            Assistant United States Attorney
                                            AMANDA R. VAUGHN
                                            Trial Attorney
                                            Fraud Section, Criminal Division
                                            United States Department of Justice

                                            Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA

I am WILLIAM SADLEIR's attorney. I have carefully discussed with my client every part of this stipulation and the continuance of the date by which an information or indictment must be filed. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to have an information or indictment filed prior to June 21, 2020 is an informed and voluntary one.

*Adam Olin*      6/11/2020
ADAM OLIN      Date
Deputy Federal Public Defender
Attorney for Defendant
WILLIAM SADLEIR

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the date by which an information or indictment must be filed, and give up my right to have an information or indictment filed prior to June 21, 2020.

*William L. Sadleir*      June 11, 2020
WILLIAM SADLEIR      Date
Defendant